**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSICA CAROLINA LOPEZ-CASTRO, | No. 09-70530 |
| Petitioner, | Agency No. A098-655-524 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010 [**]

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Jessica Carolina Lopez-Castro, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision denying her application for asylum, withholding

of removal, and relief under the Convention Against Torture. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review questions of law de novo, *see, e.g.*, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *See Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *See, e.g.*, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

We reject Lopez-Castro's claim that she is eligible for asylum and withholding of removal based on her membership in a particular social group, namely, decent law abiding citizens of El Salvador who share a common immutable fear of the MS 13 and 18th St. gangs whom the government cannot control. *See Barrios v. Holder*, 581 F.3d 849, 855–56 (9th Cir. 2009); *Ramos-Lopez v. Holder*, 563 F.3d 855, 860–62 (9th Cir. 2009); *see also Velasco-Cervantes v. Holder*, 593 F.3d 975, 978–79 (9th Cir. 2010) (holding that government material witnesses do not constitute a particular social group) (citing *Soriano v. Holder*, 569 F.3d 1162, 1166 (9th Cir. 2009) (holding that government informants are not members of a particular social group)). We also reject Lopez-Castro's contention that she is eligible for relief based on a political opinion, either actual or imputed. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008).

Accordingly, because Lopez-Castro failed to demonstrate that she was persecuted or feared persecution on account of a protected ground, we deny the petition as to her asylum and withholding-of-removal claims. *See id.* at 746–47; *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution.").

We also deny the petition as to Lopez-Castro's claim under the Convention Against Torture because she presented no evidence that she would more likely than not be tortured upon removal to El Salvador. *See Barrios*, 581 F.3d at 856 n.6.

**PETITION FOR REVIEW DENIED.**